UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-337-S

MIKE PROFITT                                                                                    PLAINTIFF

v.

McDONALDS RAPE CASE *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Mike Profitt filed the instant complaint on a Court-approved form. The complaint is largely illegible. In the caption, Plaintiff names "McDonalds Rape Case" and "Samantha Melo Case" as Defendants.[1] As the grounds for filing the suit in federal court, Plaintiff mentions an arrest in Houston, Texas; "Osama Bin Laden seen me . . . with Pakistan Military . . . said Trade Center Bombing Criminal Theft"; and "Said Rape Case McDonalds." His statement of claim is disjointed and incomprehensible. For instance, he writes: "Ernest Lee Fox - Wayne Townsend is trying to set-up Italy for Osama Bin Laden check 911 call . . . China Illegal Police Assault in Lexington, KY [illegible]. China female stalker cloned China workers at U of L Hospital"; "China Police Arrest"; "Illegal SSI checks"; "possible murder inside . . . ."; and "CIA . . . at Mammouth Cave . . . arrest for Child Molestation on Mike Profitt check video with Mammouth Cave." As relief, he requests: "Tim Riley arrest by lethal injection"; "Mammouth Cave checked"; and "I'm asking for 3,000 Kings."

---

[1]Elsewhere Plaintiff lists the following as Defendants: Oprah Winfrey, J-Z, Motley Crue, Vince Niel, Ozzy Osbourne, Bruce Spingsteen, Asheley Sims, Jennifer Sims, and Eric. Rule 10(a) of the Federal Rules of Civil Procedure mandates that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all the parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties" (emphasis added). Because the foregoing individuals are not listed in the caption, they are not parties to this action.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In the instant case, Plaintiff's complaint is simply too sketchy and incoherent to meet this standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Plaintiff's allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, and no longer open to discussion, warranting dismissal for lack of subject matter jurisdiction as well.

By separate Order, the instant action will be dismissed.

Date:

cc:     Plaintiff, *pro se*
4411.005